**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUDING IP, LLC,<br><br>    Plaintiff,<br>          v.<br><br>MOTOROLA MOBILITY HOLDINGS, INC.<br>AND MOTOROLA MOBILITY, INC.,<br><br>    Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Clouding IP, LLC ("Clouding") makes the following allegations against Defendants Motorola Mobility Holdings, Inc. and Motorola Mobility, Inc. (collectively "Motorola"):

**PARTIES**

1.   Plaintiff Clouding IP, LLC is a Delaware limited liability company having a principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

2.   On information and belief, Defendant Motorola Mobility Holdings, Inc. is a Delaware corporation with its principal place of business at 600 N. U.S. Highway 45, Libertyville, Illinois 60048.  On information and belief, Motorola Mobility Holdings, Inc. may be served though its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. On information and belief, Motorola Mobility Holdings, Inc. is the parent company of Defendant Motorola Mobility, Inc.

3.   On information and belief, Defendant Motorola Mobility, Inc. is a Delaware corporation with its principal place of business at 600 N. U.S. Highway 45, Libertyville, Illinois 60048.  On information and belief, Defendant Motorola Mobility, Inc. may be served though its

registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Motorola is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of the rights and benefits of Delaware by incorporating under Delaware law and due to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Motorola is incorporated in this district, and on information and belief, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,925,481

7. Plaintiff Clouding realleges and incorporates by reference paragraphs 1-6 above, as if fully set forth herein.

8. Plaintiff Clouding is the owner by assignment of United States Patent No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device." The '481 patent was duly and legally issued by the United States Patent and Trademark Office on August 2, 2005. Clouding is the owner by

assignment from Symantec Corporation of the '481 patent. A true and correct copy of the '481 patent is included as Exhibit A.

9. Motorola Mobility makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as ZumoCast and MotoCast.

10. On information and belief, Motorola Mobility has infringed and continues to infringe the '481 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '481 patent. Such products and/or services include, by way of example and without limitation, ZumoCast and MotoCast, which are covered by one or more claims of the '481 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '481 patent, Motorola Mobility has injured Clouding and is liable to Clouding for infringement of the '481 patent pursuant to 35 U.S.C. § 271.

11. As a result of Motorola Mobility's infringement of the '481 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Motorola Mobility's infringement, but in no event less than a reasonable royalty for the use made of the invention by Motorola Mobility, together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,254,621

12. Plaintiff Clouding realleges and incorporates by reference paragraphs 1-11 above, as if fully set forth herein.

13. Plaintiff Clouding is the owner by assignment of United States Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device." The '621 patent was duly and legally issued by the

United States Patent and Trademark Office on August 7, 2007.  Clouding is the owner by assignment from Symantec Corporation of the '621 patent.  A true and correct copy of the '621 patent is included as Exhibit B.

14.     Motorola Mobility makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as ZumoCast and MotoCast.

15.     On information and belief, Motorola Mobility has infringed and continues to infringe the '621 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '621 patent.  Such products and/or services include, by way of example and without limitation, ZumoCast and MotoCast, which are covered by one or more claims of the '621 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '621 patent, Motorola Mobility has injured Clouding and is liable to Clouding for infringement of the '621 patent pursuant to 35 U.S.C. § 271.

16.     As a result of Motorola Mobility's infringement of the '621 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Motorola Mobility's infringement, but in no event less than a reasonable royalty for the use made of the invention by Motorola Mobility, together with interest and costs as fixed by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Clouding respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff that Motorola has infringed, literally and/or under the doctrine of equivalents, the '481 patent and the '621 patent;

2.      A judgment and order requiring Motorola to pay Plaintiff its damages, costs,

expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Defendants' infringement of the '481 patent and the '621 patent; and

    3.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

August 27, 2012

BAYARD, P.A.

  /s/ Richard D. Kirk
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Of Counsel:

SNR DENTON US LLP

Mark L. Hogge
Shailendra K. Maheshwari
1301 K Street, NW, Suite 600, East Tower
Washington, DC  20005-3364
(202) 408-6400
mark.hogge@snrdenton.com
shailendra.maheshwari@snrdenton.com

*Attorneys for Plaintiff Clouding IP, LLC*