# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC,<br><br>V.<br><br>APPLE, INC. | C.A. No. 12-0638-LPS |
| CLOUDING IP, LLC,<br><br>V.<br><br>GOOGLE, INC. | C.A. No. 12-0639-LPS |
| CLOUDING IP, LLC,<br><br>V.<br><br>AMAZON.COM INC. ET AL. | C.A. No. 12-0641-LPS |
| CLOUDING IP, LLC,<br><br>V.<br><br>ORACLE CORPORATION | C.A. No. 12-0642-LPS |
| CLOUDING IP, LLC,<br><br>V.<br><br>RACKSPACE HOSTING, INC., ET AL. | C.A. No. 12-0675-LPS |
| CLOUDING IP, LLC,<br><br>V.<br><br>MOTOROLA MOBILITY, LLC | C.A. No. 12-1078-LPS |

Case 1:12-cv-00639-LPS   Document 27   Filed 01/10/13   Page 2 of 12 PageID #: 635

## [PROPOSED] SCHEDULING ORDER

This 9th day of January, 2013, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on January 3, 2013, with Clouding IP, LLC ("Plaintiff") and Defendants in each of the six above-captioned cases (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "parties"), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is incorporated herein by reference, although dates and timing explicitly set forth in this Scheduling Order shall supersede any dates and timing set forth in the Court's Default Standard for Discovery. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 Default Standard disclosures within sixty (60) days of the date of this Order. The thirty (30) day deadlines in Sections 4(b), 4(c), and 4(d) of the Default Standard are extended to seventy (70) days. Further, the term "accused product" in Sections 4(a), 4(b) and 4(c) of the Default Standard shall mean the "accused functionality(ies) of the accused product."

2. <u>Limitation on Asserted Claims</u>. Plaintiff will narrow the number of asserted claims in these actions as follows:

    a. On or before September 13, 2013 (i.e., two weeks before the parties submit their Joint Claim Construction Chart), Plaintiff shall limit the number of patent claims asserted against each Defendant or Related Defendant Group to no more than forty (40).

      b.     Within sixty (60) days of receiving the Court's Claim Construction Order, Plaintiff shall limit the number of patent claims asserted against each Defendant or Related Defendant Group to no more than twenty (20).

     3.     <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before August 1, 2013. Notwithstanding the foregoing, all motions to add claims and/or affirmative defenses for inequitable conduct shall be filed on or before December 13, 2013.

     4.     <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      a.     <u>Electronically Stored Information</u>. The parties shall meet and confer by February 1, 2013 regarding the format for and limitations on the production of Electronically Stored Information and the Court's Default Standard.

      b.     <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before February 28, 2014.

      c.     <u>Document Production</u>. Document production shall be substantially complete by October 11, 2013. The parties agree that this deadline does not apply to email or other electronic correspondence the production of which shall be determined according to 4(a) above.

      d.     <u>Requests for Admission</u>. Plaintiff is permitted fifty (50) common Requests for Admission and may serve up to fifteen (15) Requests for Admission separately on each Defendant or Related Defendant Group (applicable to Civil Action Nos. 12-0641-LPS and 12-0675-LPS, a "Related Defendant Group" consists of related corporate entities). Defendants are permitted fifty (50) common Requests for Admission, and each Defendant or Related Defendant Group may serve up to fifteen (15) Requests for Admission on Plaintiff. There shall

be no limit, however, on the number of requests for admission that Plaintiff and each Defendant or Related Defendant Group may serve directed solely to the authentication of documents and things. The parties are required to meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

      e.     <u>Interrogatories</u>.

          i.     Plaintiff is permitted fifteen (15) common interrogatories and may serve up to fifteen (15) individual interrogatories to each Defendant or Related Defendant Group. The Defendants are permitted fifteen (15) common interrogatories, and each Defendant or Related Defendant Group may serve up to fifteen (15) individual interrogatories to Plaintiff. The parties agree that for the purposes of the interrogatory limits above, interrogatories seeking information related to more than one patent-in-suit or more than one accused product will not constitute multiple discrete subparts under Federal Rule of Civil Procedure 33(a)(1) solely on the basis of there being multiple patents or multiple accused products. This agreement does not restrict any party's right to object to interrogatories comprised of more than one discreet subpart on any other basis.

          ii.     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than August 9, 2013, with the responsive answers due within thirty (30) days. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    f.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Plaintiff may take a maximum of 70 hours of depositions of each Defendant or Related Defendant Group, exclusive of expert and third-party depositions. The Defendants may take a combined maximum of 70 hours of deposition of Plaintiff, exclusive of expert and third-party depositions. Third-party deposition hours shall not be limited because given the number of patents-in-suit, and the unknown numbers of witnesses involved in the patent prosecution and prior art, it would be premature and impractical to impose a limit.

Depositions of the inventors of any of the patents asserted against any Defendant or Related Defendant Group shall be limited to a maximum of fourteen (14) consecutive hours per inventor and shall not count toward Defendants' deposition hour limits. Where an inventor is designated as a 30(b)(6) witness, the inventor deposition time does not limit 30(b)(6) deposition hours.

Except as provided herein, each fact deposition is limited to a maximum of seven (7) consecutive hours, unless otherwise agreed to by the parties. Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties or upon order of the Court upon good cause shown.

        ii.    <u>Location of Depositions</u>. The parties agree that in this case the deposition of any individual, including any individual testifying as a Rule 30(b)(6) witness for a corporate entity, will presumptively take place where the witness resides, or at some other mutually agreeable location. Any individual resident in a foreign country who is produced as a Rule 30(b)(6) witness for a party shall be made available for deposition at a mutually agreeable location within the continental United States.

      g.    <u>Limitation on Hours for Expert Deposition Discovery</u>. No later than ten (10) days following the exchange of responsive disclosures of expert opinions, the parties shall meet and confer regarding the limitation on hours for expert deposition discovery and attempt in good faith to reach agreement on such limitation. No later than seven (7) days following the parties meet and confer, the parties shall file a joint statement regarding the outcome of their conference regarding limitation on hours of expert deposition discovery and identify any issues in dispute that require the Court's attention.

      h.    <u>Disclosure of Expert Testimony</u>.

           i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before sixty (60) days following the Court's claim construction ruling. Responsive disclosures of expert opinions to contradict or rebut evidence on the same matter identified by another party are due on or before ninety (90) days following the Court's claim construction ruling. Reply expert reports from the party with the initial burden of proof are due on or before one hundred twenty (120) days following the Court's claim construction ruling. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

           ii.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        i.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    5.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by January 18, 2013. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(i) above.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

7. Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

9. Interim Status Report. On September 20, 2013, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. The interim report shall include joint or individual requests, if any, for a Case Management Conference and, if so, what issues need to be addressed by the Court.

10. Tutorial Describing the Technology and Matters in Issue. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. The parties will

meet and confer and submit a proposal to the Court regarding the length of the tutorial and the number of patents/technologies. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on September 6, 2013, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on September 27, 2013. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on October 25, 2013. The parties' answering/responsive briefs shall be contemporaneously submitted on November 22, 2013. No reply briefs or

supplemental papers on claim construction shall be submitted without leave of the Court. The parties will meet and confer and submit a proposal to the Court regarding the length of the briefs.

13. <u>Hearing on Claim Construction</u>. Beginning at 10:00 a.m. on December 20, 2013, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

14. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 10, 2014. Once a motion has been deemed served, responses thereto shall be filed within 28 days, as calculated consisted with Fed. R. Civ. P. 6(a) and CM/ECF Procedures. Once the responsive papers have been deemed served, the moving party may file a reply within 14 days, as calculated consistent with Fed. R. Civ. P. 6(a) and CM/ECF Procedures. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each party will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.

15. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>Pretrial Conference</u>. On a date to be determined at the Trial Scheduling Conference, the Court will hold a final pretrial conference in the first of these actions in Court with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the

pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before a time to be set by the Court at a later date. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

  17. <u>Motions in Limine</u>. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

  18. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied

by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19.     Trial.  The first trial in these matters will be scheduled for trial beginning at a time to be set by the Court at a later date, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
United States District Judge